# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
------------------------------------------------------ x
                                                       :
In re:                                                 :          Chapter 11
                                                       :
THE COLONIAL BANCGROUP, INC.,                          :          Case No. 09-32303 (DHW)
                                                       :
                         Debtor.                       :
------------------------------------------------------ x
                                                       :
THE COLONIAL BANCGROUP, INC.,                          :
                                                       :
                         Plaintiff,                    :
                                                       :
        v.                                             :          Adv. Proc. No. 09-03087 (DHW)
                                                       :
FEDERAL DEPOSIT INSURANCE                              :
CORPORATION, as Receiver for                           :
Colonial Bank,                                         :
                                                       :
                         Defendant.                    :
------------------------------------------------------ x
```

## MOTION OF DEFENDANT FDIC-RECEIVER TO STAY
## ADVERSARY PROCEEDING PENDING RESOLUTION
## OF MOTION FOR WITHDRAWAL OF THE REFERENCE

The Federal Deposit Insurance Corporation, as receiver for Colonial Bank, Montgomery, Alabama (the "<u>FDIC-Receiver</u>"), respectfully moves this Court for an order pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") staying all proceedings in this adversary proceeding until 14 calendar days after the entry of an order by the United States District Court for the Middle District of Alabama (the "<u>District Court</u>") that resolves the FDIC-Receiver's pending motion for withdrawal of the reference.

### SUMMARY OF RELIEF REQUESTED

1.      Bankruptcy Rule 5011(c) grants this Court the authority to "stay, on such terms and conditions as are proper, proceedings pending disposition of" a motion for withdrawal of the

reference pursuant to 28 U.S.C. § 157(d). On March 31, 2010, the FDIC-Receiver filed such a motion with respect to this adversary proceeding and several other matters filed in this Court by the debtor The Colonial BancGroup, Inc. (the "Debtor").[1]

2. In an initial status conference held yesterday, April 7, 2010, the District Court stated that the FDIC-Receiver's motion for withdrawal appears, on first review, to be compelling. Under the circumstances, a stay of this adversary proceeding until the motion has been decided by the District Court is plainly warranted. Such a stay will conserve judicial resources and will eliminate the risk of duplicative proceedings. No prejudice will result from such a stay given the limited proceedings that have occurred to date in this action and given the relatively compressed period that has been agreed to for completion of briefing on the FDIC-Receiver's motion in the District Court.

3. Accordingly, the FDIC-Receiver respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 5011(c) staying all further proceedings in this action until 14 calendar days after the District Court has entered an order resolving the FDIC-Receiver's motion for withdrawal of the reference.

## BACKGROUND

4. The Debtor was a bank holding company with its principal place of business in Montgomery, Alabama and was the holding company for Colonial Bank until the bank was closed by regulators. In an order dated August 14, 2009, the Alabama State Banking Department

---

[1] The other matters that are the subject of the motion for withdrawal of the reference are: (1) the Debtor's objection to the FDIC-Receiver's proof of claim; (2) the adversary proceeding styled *Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-03018 (DHW); and (3) the adversary proceeding styled *Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-03019 (DHW). The Debtor has agreed to extensions of any response to the initial filings in those other matters, obviating the need for a motion to stay those matters at this time. The FDIC-Receiver reserves the right to submit additional motions to stay with respect to those matters should such motions be required in the future.

closed Colonial Bank and appointed the FDIC-Receiver. By operation of law, the FDIC-Receiver succeeded to the rights, titles, powers and privileges of Colonial Bank, 12 U.S.C. § 1821(d)(2)(A), and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the assets and property of the institution and place the institution in liquidation and proceed to realize upon its assets, 12 U.S.C. §§ 1821(d)(2)(D), (E).

5.      On August 25, 2009, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code but currently has no business operations or reasonable prospects of generating future revenue or reorganizing. No trustee or examiner has been appointed.

6.      On December 15, 2009, the Debtor filed a complaint against the FDIC-Receiver in this adversary proceeding.

7.      The Debtor's adversary complaint was a response to two motions that the FDIC-Receiver filed in the Debtor's bankruptcy case that are still pending: (1) a motion seeking relief from the automatic stay to allow the FDIC-Receiver to setoff its claims against the Debtor against certain disputed account balances that the Debtor claims were owed to it; and (2) a motion seeking to convert the Debtor's chapter 11 case to a liquidation under chapter 7 of the Bankruptcy Code because of the significant uncured deficits that exist under a prepetition capital maintenance commitment that was made by the Debtor to federal bank regulators. The parties are in the midst of discovery with respect to the FDIC-Receiver's motions. An evidentiary hearing on those motions currently is set to begin on May 26, 2010.

8.     On December 31, 2009, the Debtor filed a motion for a scheduling order seeking to set a trial on the merits in this adversary proceeding for February 24, 2010.  [Doc. No. 7].  The FDIC-Receiver informed the Debtor that it would object to the requested relief as unrealistic. Thereafter, the Debtor agreed to withdraw that motion without prejudice in connection with a broader agreement concerning procedural issues relating to the FDIC-Receiver's motions.

9.     On January 26, 2010, the FDIC-Receiver filed a motion to dismiss the adversary complaint in this action.  [Doc. No. 16]  To date, the Debtor has not responded to that motion. The briefing schedule has been extended by agreement of the parties based on the FDIC-Receiver's stated intention to file a motion for withdrawal of the reference that would include this action and a motion to stay proceedings in this action pending the resolution of that motion for withdrawal.

10.     On March 31, 2010, the FDIC-Receiver filed its motion for withdrawal of the reference of this adversary proceeding and three other matters that are pending before this Court: (1) the Debtor's objection to the FDIC-Receiver's proof of claim; (2) the adversary proceeding styled *Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-03018 (DHW); and (3) the adversary proceeding styled *Colonial BancGroup, Inc. v. F.D.I.C.*, Adv. Proc. No. 10-03019 (DHW).  As set forth in more detail in the memorandum of law in support of that motion, all of those matters are subject to mandatory withdrawal under 28 U.S.C. § 157(d) because their resolution will require substantial and material consideration of federal laws other than title 11.  In addition, the matters should be withdrawn under the permissive withdrawal provision of the statute for consolidation with a separate action that was filed by the Debtor against the FDIC-Receiver in the District Court, styled *Colonial BancGroup, Inc. v. F.D.I.C.*,

No. 2:10-cv-0198 (MHT), as to which the District Court has exclusive subject matter jurisdiction under the Federal Deposit Insurance Act. *See* 12 U.S.C. § 1821(d)(6)(A).

11.     On April 7, 2010, the District Court held a telephonic status conference with respect to the FDIC-Receiver's motion for withdrawal of the reference. During that status conference, U.S. District Judge Myron H. Thompson stated that upon an initial review the motion appeared to be compelling. While stating that a briefing schedule would be entered for the motion, the District Court advised the Debtor's counsel to think carefully about whether an opposition was warranted.

12.     If the FDIC-Receiver's motion for withdrawal of the reference is contested by the Debtor, it is expected that briefing will be completed by the first week in May, 2010.

## ARGUMENT

### ALL PROCEEDINGS SHOULD BE STAYED IN THIS ACTION UNTIL THE MOTION FOR WITHDRAWAL OF THE REFERENCE HAS BEEN RESOLVED

13.     Bankruptcy Rule 5011(c) provides, in relevant part, that:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that *the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.* A motion for a stay ordinarily shall be presented first to the bankruptcy judge.

Fed. R. Bank. Pro. 5011(c) (emphasis added).

14.     "The inquiry in determining if a stay is proper pending a decision on [a] Motion to Withdraw is the same as on any motion for stay." *Environmental Litig. Group, P.C. v. Crawford (In re Price)*, No. 05-04807-TOM-13, 2007 WL 1125639, *7 (Bankr. N.D. Ala. Apr. 16, 2007). "In deciding whether to stay a proceeding pending judicial review, courts generally consider factors such as: (1) the likelihood the moving party will prevail on the merits; (2) the

prospect of irreparable injury to the moving party if relief is withheld; (3) the possibility of harm to other parties if relief is granted; and (4) the public interest." *Goodwyn v. V Restaurants (In re Goodwyn)*, No. 05-32325-WRS, 2006 WL 1999111, *2 (Bankr. M.D. Ala. June 19, 2006). Applying these factors here, it is apparent that a stay of this action under Bankruptcy Rule 5011(c) is both necessary and proper.

15.     *First*, the FDIC-Receiver is likely to prevail on the pending motion for withdrawal of the reference. As set forth in detail in the memorandum of law submitted by the FDIC-Receiver in support of its motion, withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because substantial and material consideration of federal laws other than title 11 will be required. [Doc. No.28]  Among other things, the capital maintenance commitment that the Debtor seeks to avoid in this action was agreed to by the Debtor under the "prompt corrective action" regime of bank regulation that is set forth in the FDI Act and other laws, which expressly provide that the purpose of that regime is "to resolve the problems of insured depository institutions at the least possible long-term loss to the [FDIC's] deposit insurance fund." *See* 12 U.S.C. § 1831*o*(a)(1); 12 C.F.R. § 225.4(a).  The resolution of this action (if the complaint survives dismissal) will require substantial and material consideration of these federal banking laws governing the regulatory supervision of troubled depository institutions and their holding companies. *See, e.g., Imperial Credit Indus., Inc. v. F.D.I.C. (In re Imperial Credit Indus., Inc.)*, No. 2:03-cv-08627 (JVS) (C.D. Cal. Jan. 26, 2004), slip op. at 3-4 (granting motion of the FDIC to withdraw the reference of adversary proceeding brought by bankrupt holding company asserting similar constructive fraudulent transfer claims).  In addition, permissive withdrawal is appropriate in order to consolidate in one proceeding before the District Court all of the disputes between the Debtor and the FDIC-Receiver (other than the FDIC-Receiver's pending motions

before this Court for relief under sections 362(d) and 365(o) of the Bankruptcy Code, which are now scheduled to be concluded by the end of May).

16.     *Second*, a stay pending resolution of the motion for withdrawal of the reference will not prejudice the Debtor.  This action is in its earliest stages.  To date, there have been no proceedings other than the filing of the FDIC-Receiver's motion to dismiss the adversary complaint for failure to state a claim.  The Debtor has not yet responded to that motion.  If the reference is to be withdrawn, it makes sense to defer the completion of briefing until the matter is before the District Court.

17.     Third, a stay will advance the public interest by conserving judicial resources and avoiding duplicative litigation in both this Court and the District Court.  *See, e.g.*, *Goodwyn*, 2006 WL 1999111, \*2; *Miller v. Vigilant Ins. Co. & Design Coverage Corp. (In re Eagle Enterprises)*, 259 B.R. 83, 86 (Bank. E.D. Pa. 2001).

## CONCLUSION

For the foregoing reasons, the FDIC-Receiver respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 5011(c) staying all proceedings in this action until 14 calendar days after entry by the District Court of an order resolving the FDIC-Receiver's pending motion for withdrawal of the reference, and granting the FDIC-Receiver such other and further relief as it may deem just and proper.

Dated:  Montgomery, Alabama
        April 8, 2010                Respectfully submitted,


                             /s/ Michael A. Fritz, Sr.
                             Michael A. Fritz, Sr.
                             michael@fritzandhughes.com
                             Fritz & Hughes LLC
                             7020 Fain Park Drive Suite 1
                             Montgomery, Alabama 36117
                             (334) 215-4422

                             - and -

                             Thomas R. Califano
                             thomas.califano@dlapiper.com
                             John J. Clarke, Jr.
                             john.clarke@dlapiper.com
                             Jeremy R. Johnson
                             jeremy.johnson@dlapiper.com
                             DLA Piper LLP (US)
                             1251 Avenue of the Americas
                             New York, New York  10020-1104
                             (212) 335-4500

                             Attorneys for the
                              Federal Deposit Insurance Corporation,
                              as Receiver for Colonial Bank